EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--|
| Alberto J. Rafols Van Derdys (TS-11,694) | 2022 TSPR 152 <br><br> 211 DPR ___ |

Número del Caso:  CP-2018-12


Fecha:  21 de diciembre de 2022


Oficina del Procurador General:

Lcdo. Isaías Sánchez Báez
Procurador General

Lcda. Mabel Sotomayor Hernández
Subprocuradora General

Lcda. Yaizamarie Lugo Fontánez
Procuradora General Auxiliar


Abogados del querellado:


Lcdo. José E. Valenzuela Alvarado
Lcda. Mariangeli Mercado Torres


Comisionada Especial:

Hon. Isabel Llompart Zeno


Materia:  Conducta Profesional – Suspensión inmediata del ejercicio de la abogacía por el término de seis (6) meses por infracción a los Artículos 2, 56 y 57 de la Ley Notarial, a las Reglas 29, 65 y 67 del Reglamento Notarial y a los Cánones 18, 35 y 38 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alberto J. Rafols Van Derdys          CP-2018-0012
     (TS-11,694)

*PER CURIAM*

En San Juan, Puerto Rico, a 21 de diciembre de 2022.

Nuevamente nos vemos en la obligación de disciplinar a un miembro de la profesión legal por conducta reñida con las disposiciones de la Ley Notarial, <u>infra</u> y nuestros postulados éticos. Concluimos que el Lcdo. Alberto J. Rafols Van Derdys infringió los Arts. 2, 56 y 57 de la Ley Notarial, <u>infra</u>; las Reglas 29, 65 y 67 del Reglamento Notarial, <u>infra</u>, y los Cánones 18, 35 y 38 del Código de Ética Profesional, <u>infra</u>, al dar fe de un hecho falso. En consecuencia, ordenamos su suspensión inmediata del ejercicio de la abogacía por el término de seis meses.

I

El Lcdo. Alberto J. Rafols Van Derdys fue admitido al ejercicio de la abogacía el 26 de junio de 1996 y prestó juramento como notario el 20 de febrero de 1998.

El 24 de enero de 2014, el letrado legitimó la firma del Sr. Lutgardo Acevedo López, en los testimonios de autenticidad núms. 1673 y 1674. En estos dio fe de que conocía personalmente al señor Acevedo López y que este firmó ante él. Así también lo informó en el Índice Notarial correspondiente.

En 2016, la Oficina del Contralor de Puerto Rico presentó la queja que nos ocupa. Indicó que, como parte de una auditoria al municipio de Aguada por la adjudicación de cierta compra, detectó algunas irregularidades en unos documentos firmados por el señor Acevedo López. Expuso que recibió un *Certificado de análisis de documentos forenses*, en el que un examinador de documentos del Instituto de Ciencias Forenses (ICF) concluyó que la persona que firmó las dos declaraciones juradas —los testimonios núms. 1673 y 1674— con el nombre Lutgardo Acevedo López no fue la misma persona que firmó otros documentos bajo ese mismo nombre. Es decir, que el señor Acevedo López no firmó estas declaraciones juradas a pesar de que el licenciado Rafols

Van Derdys dio fe de ello. A la luz de esto, la Contralora refirió el asunto ante nos.

En contestación a la queja, el letrado aseveró que el señor Acevedo López firmó en su presencia los testimonios en pugna. Abundó que este no aparentaba tener defecto alguno en su capacidad para entender lo que realizaba al firmar. Además, brindó algunos detalles relacionados al día del otorgamiento. Por ejemplo, relató que en aquel momento bromearon sobre la vestimenta formal del señor Acevedo López, y que dialogaron sobre el tráfico, asuntos familiares y escolares. Por último, aseveró que sus actuaciones no violaron postulado notarial alguno.

En el ínterin, el licenciado Rafols Van Derdys renunció voluntariamente a la notaría. Luego de los trámites de rigor, el 12 de mayo de 2015 dimos por terminada su fianza notarial.

Así las cosas, la Oficina de Inspección de Notarías (ODIN) presentó un Informe. Señaló que, de ser ciertas las alegaciones, el licenciado Rafols Van Derdys pudo incurrir en violaciones de la fe pública notarial. No obstante, consignó que la controversia estaba fuera de su alcance porque el letrado ya no era notario. Mientras tanto, la Oficina del Procurador General rindió un informe en el que concluyó que no contaba con el quántum de prueba necesario para iniciar un procedimiento disciplinario.

Evaluados ambos informes, referimos la queja a la Oficina del Procurador General para que ampliara y suplementara su investigación. Posteriormente, a solicitud

de esta, ordenamos al señor Acevedo López que proveyera unas muestras caligráficas.

Después de varios trámites, la Oficina del Procurador General presentó un Informe Complementario. En este, indicó que la prueba pericial contradecía lo aseverado por el licenciado Rafols Van Derdys. Relató que, tras evaluar las nuevas muestras caligráficas, el examinador del Instituto de Ciencias Forenses concluyó que el señor Acevedo López no era el autor de la firma de nombre Lutgardo Acevedo López en las declaraciones juradas en controversia. Conforme a ello, la Oficina del Procurador General identificó que el licenciado Rafols Van Derdys pudo incurrir en infracciones de la Ley Notarial, el Reglamento Notarial y nuestros postulados éticos. Examinado este informe, concedimos un término al letrado para que se expresara al respecto, pero este no compareció.

De esta forma, el Procurador General presentó la querella de epígrafe. En esencia, determinó que el licenciado Rafols Van Derdys infringió los Arts. 2, 56 y 57 de la Ley Notarial, infra; las Reglas 29, 65 y 67 del Reglamento Notarial, infra, y los Cánones 18, 35 y 38 del Código de Ética Profesional, infra, al dar fe falsamente de que el señor Acevedo López firmó ante él las declaraciones de autenticidad núms. 1673 y 1674.[1]

---

[1] En el cargo I y el II se imputó que el letrado infringió los preceptos de la fe pública notarial recogidos en el Art. 2 de la Ley Notarial y el Canon 35 del Código de Ética Profesional al dar fe falsamente de que el señor Acevedo López firmó ante él. En los cargos II, IV y V, se acusó al letrado de violar el Art. 56 de la Ley Notarial y las Reglas 65 y 67

Por su parte, el licenciado Rafols Van Derdys contestó la querella y solicitó su desestimación. Adujo que el informe pericial no era confiable debido a que se realizó solo con copia de las declaraciones juradas y no con los documentos originales. Asimismo, insistió en que los detalles que brindó respecto al día del otorgamiento corroboraban que el señor Acevedo López firmó ante él. Además, indicó que no tenía la obligación de utilizar mecanismos suplementarios de identificación porque conocía al señor Acevedo López desde hace aproximadamente 10 años.

En ese contexto, designamos a la Hon. Isabel Llompart Zeno, exjueza del Tribunal de Primera Instancia, como Comisionada Especial. Luego de la vista en su fondo, esta presentó el informe correspondiente. Allí, otorgó entera credibilidad a las determinaciones del perito y creyó probado que el señor Acevedo López no firmó las declaraciones juradas en cuestión. Consecuentemente, concluyó que el licenciado Rafols Van Derdys violó la fe pública notarial porque certificó el hecho falso de que el señor Acevedo López firmó los testimonios en pugna. Destacó que el letrado no trajo su propio perito ni solicitó que se gestionara la

_____

del Reglamento Notarial, al legitimar unas firmas que no fueron suscritas en su presencia. Los cargos VI y VII imputaron infracciones del Art. 57 de la Ley Notarial y la Regla 29 del Reglamento Notarial por dar fe falsamente de que las firmas fueron prestadas por el señor Acevedo López en su presencia. Por último, los cargos VII y IX le imputaron violaciones de los Cánones 18 y 38 del Código de Ética Profesional por no ser diligente, ni competente en el ejercicio de la función notarial, no exaltar el honor ni dignidad de la profesión, ni evitar hasta la apariencia de conducta impropia al otorgar las declaraciones de autenticidad en contravención a las disposiciones notariales y consignar hechos falsos en ellas.

comparecencia del señor Acevedo López. En suma, encontró que el licenciado Rafols Van Derdys contravino los Arts. 2, 56 y 57 de la Ley Notarial, _infra_; las Reglas 29, 65 y 67 del Reglamento Notarial, _infra_, y los Cánones 18, 35 y 38 del Código de Ética Profesional, _infra_.

El licenciado Rafols Van Derdys se opuso. Particularmente, señaló que a pesar de que las partes estipularon los documentos originales durante la vista en su fondo, el perito no utilizó esos documentos en sus informes. Arguyó que esto ponía en duda el método científico empleado, dado que se deben utilizar los escritos originales cuando está en controversia el contenido de un documento.

A la vez, razonó que no se satisfizo el quántum de prueba requerido porque el perito no identificó que alguna de las muestras tomadas durante la investigación fuera la firma fidedigna del señor Acevedo López. Arguyó que no se demostró que las conclusiones del informe del perito fueron corroboradas mediante el proceso de "_peer review_". Por añadidura, alegó que no se controvirtió la presunción de autenticidad que surgió cuando dio fe de la firma. Finalmente, esbozó que, de acoger las recomendaciones de la Comisionada Especial, a lo sumo procedería una amonestación o censura enérgica.

Con este marco fáctico, el asunto quedó sometido para que emitamos la decisión final.

II

A. Disposiciones notariales

El Art. 2 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2002, recoge el principio de que la fe pública del notario "es plena respecto a los hechos que, en el ejercicio de su función personalmente ejecute o compruebe y también respecto a la forma, lugar, día y hora del otorgamiento". De ese modo, un documento notarial avalado por la dación de fe brinda la confianza de que los hechos jurídicos y las circunstancias acreditadas fueron percibidos o comprobados por el notario. In re González Pérez, 2022 TSPR 09, 208 DPR __ (2022); In re Villalona Viera, 206 DPR 360, 370 (2021).

Específicamente, es esencial que en los testimonios el notario exprese que conoce personalmente a los firmantes o que utilizó los medios supletorios de identificación prescritos por ley. Art. 57 de la Ley Notarial, supra; Regla 67 del Reglamento Notarial, 4 LPRA Ap. XXIV. Es más, el notario tiene el deber primario de asegurarse de su conocimiento personal de los comparecientes y dar fe de ello en el instrumento. Regla 29 del Reglamento Notarial, supra.

En ese sentido, mediante un testimonio o declaración de legitimación de firma el notario acredita que, en determinada fecha, se firmó un documento en su presencia por la persona que evidentemente es quien dice ser. Art. 56 de la Ley Notarial, supra; Regla 67 del Reglamento Notarial, supra. Véase, además, In re Arocho Cruz, 198 DPR 360, 366 (2017). Conforme hemos expresado, una declaración jurada es un testimonio de legitimación de firma. Por eso, los notarios no pueden dar fe notarial si la persona que pretende la

otorgación no compareció personalmente. In re González Pérez, supra; In re Villalona Viera, supra, págs. 371-372; In re Vázquez Margenat, 204 DPR 968, 978 (2020).

En esa dirección, la certificación de un hecho falso es una de las faltas más graves que un notario puede cometer, aunque no medie intención. In re González Pérez, supra; In re Santiago Rodríguez, 206 DPR 853, 861 (2021); In re Flores Martínez, 199 DPR 691, 702 (2018). Esto es así pues autorizar una declaración jurada sin la presencia del firmante constituye la certificación de un hecho falso que transgrede la fe pública notarial y afecta la confianza del sistema de autenticidad documental. In re Vázquez Margenat, supra, págs. 978-979; In re Arocho Cruz, supra; In re Llanis Menéndez, 175 DPR 22, 26 (2008). Incluso, dar fe de un hecho falso "no solo contraviene la Ley Notarial y el Reglamento Notarial, sino que además quebranta los Cánones 18, 35 y 38 del Código de Ética Profesional". (Citas omitidas). In re Vázquez Margenat, supra, pág. 979.

B. Cánones de Ética Profesional

El Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que los abogados ejerzan una labor idónea, competente y diligente. In re Sánchez Pérez, 2022 TSPR 98, 209 DPR __ (2022); In re Rivera Pérez, 2022 TSPR 19, 208 DPR __ (2022); In re Soto Aguilú, 208 DPR 484, 501 (2021). Este canon también exige que los abogados, en el desempeño de su función notarial, corroboren que aquellos documentos que autorizan cumplen cabalmente con las normas legales

aplicables. _In re Maldonado de Jesús_, 2022 TSPR 06, 208 DPR __ (2022). Recordemos que infringir las disposiciones de la Ley Notarial y su Reglamento al no ejercer la profesión con el cuidado y la prudencia que esta requiere es una práctica indeseable que redunda en una violación del Canon 18, _supra_. _In re Vélez Torres_, 2022 TSPR 79, 209 DPR __ (2022); _In re Villalona Viera_, _supra_, pág. 374; _In re Medina Torres_, 200 DPR 610, 620 (2018).

A renglón seguido, el Canon 35 del Código de Ética Profesional, _supra_, impone a todo miembro de la profesión legal el deber de conducirse con integridad, sinceridad y honradez. _In re González Pérez_, _supra_; _In re Maldonado de Jesús_, _supra_. Concretamente, este precepto ético obliga a que los notarios se ajusten a la sinceridad de los hechos al redactar afidávits u otros documentos. Canon 35 del Código de Ética Profesional, _supra_. Así pues, el togado que asevera que una parte compareció ante él sin que ello sea cierto falta a la verdad y socava la integridad de la profesión. _In re Crespo Pendás_, 2022 TSPR 96, 209 DPR __ (2022); _In re González Pérez_, _supra_; _In re Maldonado de Jesús_, _supra_. Sabemos que en el ejercicio de la abogacía este canon se incumple por el simple hecho de faltar a la verdad, independientemente de las razones que lo motiven. _In re Lugo Quiñones_, 206 DPR 1, 12 (2021); _In re Charbonier Laureano_, 204 DPR 351, 364 (2020).

Como vimos, el jurista que certifica un hecho falso también infringe el deber de practicar la profesión de forma

honrosa y digna que impone el Canon 38, supra. In re Flores Martínez, supra, págs. 702-703; In re Arocho Cruz, supra, pág. 367; In re Vargas Velázquez, 193 DPR 681, 690 (2015). No olvidemos que este principio deontológico instituye el cometido de evitar hasta la apariencia razonable de conducta profesional impropia. In re Sánchez Pérez, supra; In re Villalona Viera, supra, pág. 375. De acuerdo con esto, el notario que no desempeña con cautela y celo la función pública del notariado fracasa en exaltar la profesión legal. In re Santiago Rodríguez, supra.

III

Evaluada la normativa aplicable y los hechos, coincidimos con la apreciación del Informe de la Comisionada Especial. En este asunto disciplinario sus determinaciones merecen deferencia ya que tuvo la oportunidad de recibir y evaluar la prueba detenidamente. Véanse, In re Meléndez Mulero, 208 DPR 541, 554 (2022); In re Colón Ortiz, 204 DPR 452, 461 (2020).

Según se desprende del expediente, hay fundamentos suficientes para concluir que el licenciado Rafols Van Derdys dio fe de un hecho falso. La prueba pericial demostró que las firmas en las declaraciones juradas en controversia no fueron suscritas por el señor Acevedo López. Y es que, las comparaciones entre la firma de las declaraciones juradas y las muestras de escritura revelaron que, en efecto, el señor Acevedo López no fue quien suscribió los testimonios

en cuestión. No vemos razón para restarle valor al análisis pericial.

Ante estos hechos, es forzoso resolver que hay prueba clara, robusta y convincente de que el licenciado Rafols Van Derdys faltó a la verdad cuando dio fe de que el señor Acevedo López firmó los testimonios núms. 1673 y 1674, porque ello no ocurrió. Este incumplió los Arts. 2, 56 y 57 de la Ley Notarial, supra, y las Reglas 29, 65 y 67 del Reglamento Notarial, supra, con su actuación de certificar un hecho falso bajo su fe notarial. También, quebrantó estos preceptos cuando legitimó unas firmas que no fueron suscritas en su presencia. Indiscutiblemente, en contravención a la fe pública notarial, el letrado otorgó las declaraciones de autenticidad sin identificar debidamente al otorgante.

El examen de los hechos nos lleva a colegir que el togado también violó el Canon 18 de Ética Profesional, supra, ya que no ejerció una labor idónea, competente ni diligente. A su vez, faltó a la verdad al consignar un hecho falso, y con eso, transgredió el deber de sinceridad y honradez que impone el Canon 35, supra. Al mismo tiempo, la conducta que desplegó socavó la integridad de la profesión. Por ende, quebrantó el Canon 38, supra.

Justipreciado esto, para decidir la sanción disciplinaria que aplicaremos debemos considerar: el historial del abogado; su reputación; si se trata de una conducta aislada o constituye su primera falta y ninguna

parte resultó perjudicada; la aceptación de la falta y su sincero arrepentimiento; el ánimo de lucro que medió en la actuación; el resarcimiento al cliente, y cualquier otro factor pertinente. In re Meléndez Mulero, supra, págs. 555-556; In re Lajara Radinson, 207 DPR 854, 866 (2021); In re Stacholy Ramos, 207 DPR 521, 531 (2021).

Al realizar esta tarea, también debemos observar como guía las sanciones impuestas a otros abogados por infracciones disciplinarias análogas. In re Radinson Pérez, 204 DPR 522, 542 (2020); In re Peña Ríos, 202 DPR 5, 31 (2019). Claro está, las circunstancias particulares de cada caso son determinantes. In re Sánchez Reyes, 204 DPR 548, 574-575 (2020); In re Villalba Ojeda, 193 DPR 966, 982-983 (2015).

Por ejemplo, en In re Maldonado de Jesús, supra, **suspendimos a un abogado indefinidamente de la práctica de la abogacía y la notaría**, por legitimar la firma de una persona que no compareció ante él, y con ello, infringir los Arts. 2, 12, 56 y 57 de la Ley Notarial, las Reglas 65, 66 y 67 del Reglamento Notarial, y los Cánones 18, 35 y 38 del Código de Ética Profesional. Además, en el pasado hemos decretado la **suspensión indefinida de la profesión legal** como consecuencia de violar la fe pública notarial. In re Sánchez Pérez, supra; In re Vázquez Margenat, supra. De hecho, en una ocasión **suspendimos indefinidamente de la práctica de la notaría** a un miembro de la profesión legal

que certificó un hecho falso en la notarización de una firma. In re Arocho Cruz, supra.

Por otro lado, en In re González Pérez, supra, **suspendimos del ejercicio de la abogacía y la notaría por un periodo de tres meses** a un abogado que autorizó un traspaso de vehículo sin la presencia del vendedor, pues su conducta quebrantó los Arts. 2, 12, 56 y 59 de la Ley Notarial, las Reglas 12, 67 y 72 del Reglamento Notarial, y los Cánones 18, 35 y 38 del Código de Ética Profesional.

En otro caso de legitimación de firmas en ausencia del compareciente, **suspendimos de la práctica de la abogacía por un periodo de seis meses e indefinidamente de la práctica de la notaría** a un letrado que transgredió los Arts. 2, 12, 56 y 59 de la Ley Notarial, las Reglas 65 y 67 del Reglamento Notarial, y los Cánones 18, 35 y 38 del Código de Ética Profesional. In re Villalona Viera, supra. En circunstancias análogas, **impusimos esta misma sanción** como resultado de violaciones de los Arts. 2, 16, 24, 28, 34 y 56 de la Ley Notarial, la Regla 67 del Reglamento Notarial, y los Cánones 18, 35 y 38 del Código de Ética Profesional. In re Vargas Velázquez, supra.

Por cierto, en In re Flores Martínez, supra, **suspendimos indefinidamente de la práctica de la notaría y por un periodo de tres meses del ejercicio de la abogacía** al letrado que, en un esquema de apropiación ilegal y fraude, autorizó ciertos documentos sin los comparecientes. Así lo hicimos, tras concluir que incumplió los Arts. 2, 12, y 56 de la Ley

Notarial, las Reglas 65, 66 y 67 del Reglamento Notarial, y los Cánones 18, 35 y 38 del Código de Ética Profesional. Íd.

Por último, cabe mencionar que como consecuencia de conducta relacionada a falsedad en la legitimación de firmas también hemos tomado la decisión de **suspender de la práctica de la abogacía y la notaría por un término de seis meses**. In re Crespo Pendás, supra. Esto contrasta con otros pronunciamientos en los que solo ordenamos la **suspensión de la práctica de la notaría durante el periodo de tres meses o un mes**. In re Santiago Rodríguez, supra; In re Llanis Menéndez, supra.

De lo anterior, se puede apreciar que las sanciones más frecuentes en los casos en que un miembro de la profesión legal da fe de un hecho falso en la legitimación de firmas fluctúan entre: **suspensión indefinida** de la práctica de la **notaría**, que puede estar acompañada de la **suspensión indefinida o por un término, generalmente, de tres a seis meses** de la práctica de la **abogacía**, y **suspensión** de **ambas prácticas o de una de ellas por un término de tres o seis meses**.

Con esto en mente, resaltamos que aquí, aunque no percibimos que medió ánimo de lucro, el licenciado Rafols Van Derdys no aceptó la falta ni mostró arrepentimiento. La Comisionada Especial reconoció como atenuantes que este no tiene historial previo de procesos disciplinarios, y que se trata de su primera falta. Sin embargo, recomendó que lo suspendamos del ejercicio de la abogacía.

Coincidimos con esta recomendación. Ciertamente, el letrado cesó voluntariamente al ejercicio de la notaría, por lo que no hay nada que proveer en ese aspecto. Sin embargo, no podemos ignorar que la certificación de un hecho falso es una de las faltas más graves que puede cometer un miembro de la profesión legal. Este tipo de infracción podría acarrear la suspensión inmediata e indefinida de la práctica de la abogacía y de la notaría.

Desde la perspectiva de otras sanciones por infracciones similares, nos vemos obligados a suspender al licenciado Rafols Van Derdys del ejercicio de la abogacía por el término de seis meses. Le apercibimos que cualquier violación ética futura conllevará sanciones más severas. A su vez, le recordamos que de solicitar readmisión a la práctica de la notaría tomaremos en consideración los hechos reseñados en esta Opinión *Per Curiam*.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata del ejercicio de la abogacía del Lcdo. Alberto J. Rafols Van Derdys por el término de seis meses. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y

administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de 30 días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Alberto J. Rafols Van Derdys. El recibo de esta notificación será confirmado por la vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alberto J. Rafols Van Derdys          CP-2018-0012
    (TS-11,694)

*SENTENCIA*

En San Juan, Puerto Rico, a 21 de diciembre de 2022.

Por los fundamentos expuestos, en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata del ejercicio de la abogacía del Lcdo. Alberto J. Rafols Van Derdys por el término de seis meses. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de 30 días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico

(RUA) al señor Alberto J. Rafols Van Derdys. El recibo de esta notificación será confirmado por la vía telefónica.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Colón Pérez emite la expresión siguiente:

El Juez Asociado señor Colón Pérez está conforme en parte y disiente en parte del resultado alcanzado por una mayoría de este Tribunal en el día de hoy. Ello pues, si bien coincide en que el Lcdo. Alberto J. Rafols Van Derdys infringió los Arts. 2, 56 y 57 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 LPRA secs. 2001 *et seq.*, las Reglas 29, 65 y 67 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, y los Cánones 18, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, y que, en consecuencia, procede la suspensión de éste del ejercicio de la abogacía, no está de acuerdo con que su sanción se limite a un término de seis (6) meses.

Y es que, en el procedimiento disciplinario ante la consideración de esta Curia, quedó claramente demostrado --mediante prueba clara, robusta y convincente -- que el licenciado Rafols Van Derdys autorizó ciertos testimonios de autenticidad en los que da fe de que conoce personalmente al Sr. Lutgardo Acevedo López, y de que éste firmó los mismos ante su presencia, cuando esto último no era cierto. Lo anterior, entre otra prueba, fue totalmente validado mediante las correspondientes muestras caligráficas. Ello, la certificación de un hecho falso, es una de las faltas más graves que puede cometer un notario. Véase, *In re Maldonado De Jesús*, 2022 TSPR 6, 208 DPR ___ (2022); *In re Vargas Velázquez*, 193 DPR 681, 690 (2015); *In re Rivera Aponte*, 169 DPR 738, 744 (2006).

Ahora bien, no siendo ello suficiente, y en lo que nos resulta más preocupante, el referido letrado -- aún a sabiendas de que era falso, y conociendo de la prueba pericial que obraba en su contra -- compareció ante este Tribunal, en varias ocasiones, insistiendo en que el señor Acevedo López firmó en su presencia los testimonios en pugna. Tal grado de mendacidad y deshonra no puede pasar por desapercibido o ser prácticamente condonado, con una laxa sanción de

seis (6) meses, como lo determina una mayoría de mis compañeros de estrado.

A nuestro juicio, la conducta desplegada por el licenciado Rafols Van Derdys debe conllevar su suspensión indefinida del ejercicio de la abogacía. Véase, *In re Sánchez Pérez*, 2022 TSPR 98, 209 DPR ___ (2022); *In re Maldonado De Jesús*, *supra*; *In re Vázquez Margenat*, 204 DPR 968 (2020). Es por ello que, de esta parte del dictamen que hoy emite este Tribunal, respetuosamente disentimos.



                          María I. Colón Falcón
                Secretaria del Tribunal Supremo Interina